# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL J. RODRIGUEZ, | ) | CASE NO. 3:11-cv-398 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
|     Commissioner of Social Security, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

Plaintiff, Miguel J. Rodriguez ("Plaintiff"), filed a motion for attorney's fees, expenses, and costs in the amount of $5,210.22 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 24.) Defendant, Michael J. Astrue, the Commissioner of Social Security ("the Commissioner") does not oppose an award under EAJA, but (1) seeks a reduction in the number of hours of services rendered by Plaintiff's counsel's "Appellate Assistant," (2) seeks a reduction in the rate at which counsel's hours were billed; and (3) challenges to whom any award may be made payable.[1] (Doc. No. 25.)

Plaintiff also seeks a supplemental award of attorney's fees in the amount of $1,679.49 for services rendered in replying to the Commissioner's response in opposition to his EAJA application (Doc. No. 26); and a supplemental award of attorney's fees in the

---

[1] The Commissioner also argues that Plaintiff mislabeled his request for $40.00 for making copies of legal documents an "expense," as it should be labeled a "cost." The Commissioner continues that, "given the nature of electronic court filing and docketing, as well as electronic communication available to Plaintiff's counsel, one questions the necessity of making any paper copies at all, even if designated as a cost." (Def.'s Response 7.) The Commissioner does not, however, argue that Plaintiff should be denied $40.00 in costs related to making copies of legal documents.

amount of $1,011.30 for services rendered in preparing an evidentiary supplement to his EAJA application pursuant to this Court's order (Doc. No. 28).  The Commissioner has not opposed Plaintiff's supplemental requests.

For the reasons set forth below, Plaintiff's motion for EAJA fees is GRANTED in part and DENIED in part; that is, Plaintiff is awarded a total of $7,610.69 to fully satisfy all reasonable attorney's fees, expenses, and costs incurred under EAJA.

## I.  PROCEDURAL HISTORY

On March 30, 2006, Plaintiff filed applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income, and alleged a disability onset date of August 22, 2004.  His applications were denied initially and upon reconsideration, so he requested a hearing before an administrative law judge ("ALJ"). On April 9, 2009, an ALJ held Plaintiff's hearing.  On May 14, 2009, the ALJ found Plaintiff not disabled.  The Appeals Council declined to review the ALJ's decision, so the ALJ's decision became the Commissioner's final decision.

On February 24, 2011, Plaintiff filed his complaint to challenge the Commissioner's final decision; and on July 25, 2011, he filed his Brief on the Merits.  Plaintiff alleged that the ALJ's assessments of the opinions a treating physician and state agency psychologists were not supported by substantial evidence.  On February 6, 2012, the Court reversed the Commissioner's final decision and remanded this case because the ALJ failed to give good reasons for giving Plaintiff's treating physician's opinions less than controlling weight, and failed to explain how one of the state agency reviewing psychologist's opinions supported the ALJ's determination when they appeared to contradict it.  (Doc. No. 22.)

On April 30, 2012, Plaintiff filed his EAJA application.  (Doc. No. 24.)  Plaintiff seeks

an initial award of $5,210.22, the breakdown of which is as follows:

- $884.89 for services rendered by attorney Kirk B. Roose, for 4.9 hours of services rendered between April 14, 2011, and April 26, 2012, at a rate of $180.59 per hour;

- $4,081.33 for services rendered by attorney Eric Schnaufer, for 22.6 hours of services rendered between June 15, 2011, and February 7, 2012, at a rate of $180.59 per hour;

- $204.00 for services rendered by "Appellate Assistant" Diane J. Shriver, for 5.1 hours of services rendered between February 24, 2011, and February 6, 2012, at a rate of $40.00 per hour;

- $40.00 for the cost of making copies of the complaint, briefs, and EAJA application, based on a total of 160 pages at $0.25 per page.

(*See* Doc. No. 24.)

On May 14, 2012, the Commissioner filed his response. (Doc. No. 25.) The Commissioner does not oppose an award under EAJA, but seeks a reduction in the number of hours of services rendered by Ms. Shriver and in the rate at which counsel's hours were billed, and challenges to whom any award may be made payable.

On May 28, 2012, Plaintiff filed a reply brief. (Doc. No. 26.) In his reply, Plaintiff seeks an additional $1,679.49 in attorney's fees, based on 9.3 hours of services rendered by Mr. Roose on May 27 and 28, 2012, in relation to the reply. The Commissioner did not respond to Plaintiff's request for a supplemental award.

On June 28, 2012, the Court ordered Plaintiff to supplement his EAJA application with additional evidentiary support and directed the Commissioner to file any response within seven days. (Doc. No. 27.) On July 5, 2012, Plaintiff filed his supplemental EAJA application and requested an additional award of $1,011.30 for services rendered by Mr. Roose in relation to preparing it. (Doc. No. 28.) The Commissioner did not respond to

3

Plaintiff's supplemental EAJA application and additional request for fees.

## II.  LAW & ANALYSIS

EAJA permits an award of only reasonable attorney's fees.  See 28 U.S.C. §2412(d)(2)(A).  The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); cf. Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.")  The Court will address the Commissioner's objections to the reasonableness of hours expended and billing rate in turn.

### A.  The Reasonableness of Hours Expended on Services Rendered

Counsel for a prevailing party under EAJA should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.  See *Hensley*, 461 U.S. at 434.  Courts should exclude hours that were not "reasonably expended."  *Id.*  The Commissioner contends that Plaintiff should not be compensated for the 5.1 hours of services rendered by Ms. Shriver because her services were purely clerical or secretarial.  However, as explained below, some of Ms. Shriver's work is compensable.

Purely clerical or secretarial tasks, that is, *non-legal* work, should not be billed—even at a paralegal rate—regardless of who performs the work.  Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989).  For example, dictation and typing are non-compensable, as they are part of the overhead of any law office.  See Wiegand v.

4

*Sullivan*, 900 F.2d 261 (Table), 1990 WL 51387, at *1 (6th Cir. 1990) (affirming the district court's reduction of fees).  However, activities such as filing a complaint, filing service requests, and filing return-of-service forms are clerical tasks that may be considered sufficiently "legal work" to permit compensation, although any compensation would be at a lesser rate.  See *Taylor v. Barnhart*, No. 00 c 7782, 2002 WL 31654944 at *4 (N.D. Ill. Nov. 22, 2002).  But see *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004) (finding that retrieving documents, filing documents, serving summonses, and calendaring are non-compensable because they are properly considered overhead costs); *Barriger v. Bowen*, 673 F. Supp. 1167, 1170 (N.D.N.Y. 1987) (finding that mailing two letters and serving the Assistant United States Attorney with a copy of a summons and complaint are non-compensable because they are properly considered overhead costs).

Ms. Shriver expended time on matters that appear both legal and non-legal in nature.  Accordingly, Ms. Shriver's hours are reduced as follows:

- On February 24, 2011, Ms. Shriver expended 2.1 hours preparing and filing the complaint and associated paperwork, sending copies to Plaintiff, and reviewing emails from the court.  Plaintiff will be compensated for 1.0 hour for preparing and filing the complaint.

- On March 11, 2011, Ms. Shriver expended 0.9 hours reviewing a variety of emails from the court, and preparing and filing a "certificate confirming notification of case information."  Plaintiff will be compensated for 0.3 hours for preparing and filing the certificate confirming notification.

- On April 12 and May 27, 2011, Ms. Shriver expended a total of 0.6 hours reviewing emails from the court regarding returns of service and the Commissioner's answer and transcript; preparing copies of the answer and transcript and sending them to counsel; and "redocketing."[2]  Plaintiff will not be compensated for this time, as the services rendered appear purely clerical and secretarial in nature.

---

[2] It is not clear what "redocketing" is.

- On July 26, 2011, Ms. Shriver expended 0.2 hours filing Plaintiff's Brief on the Merits and sending a copy of the brief to Plaintiff. Plaintiff will be compensated 0.1 hour for filing the brief.

- Between September 8 and October 12, 2011, Ms. Shriver expended 0.5 hours reviewing emails from the court and forwarding some of the emails to counsel. Plaintiff will not be compensated for this time, as it appears purely clerical and secretarial in nature.

- On October 27, 2011, Ms. Shriver expended 0.2 hours filing Plaintiff's reply brief and sending a copy of the brief to Plaintiff. Plaintiff will be compensated for 0.1 hours for filing the brief.

- On November 22, 2011, Ms. Shriver expended 0.2 hours conferring with the court regarding consenting to the Magistrate Judge's jurisdiction, and preparing and mailing consent forms. Plaintiff will be compensated for this time.

- On November 29, 2011, and February 6, 2012, Ms. Shriver expended 0.4 hours reviewing emails from the court, sending a copy of the court's memorandum opinion and order and a letter to Plaintiff, emailing counsel, and "redocketing." Plaintiff will not be compensated for this time, as it appears purely clerical and secretarial in nature.

In sum, Plaintiff will be compensated for 1.7 hours of Ms. Shriver's time. As the Commissioner has not objected to Plaintiff's proposed rate of $40.00 per hour, and the Court finds that rate reasonable and appropriate, that rate will be applied. Accordingly, Plaintiff will be awarded $68.00 for services rendered by Ms. Shriver.

### B.     The Appropriate EAJA Billing Rate for Attorney's Fees

EAJA provides that "[t]he amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished," and "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see Bryant v.*

Comm'r of Soc. Sec., 578 F.3d 443, 449-50 (6th Cir. 2009). Here, Plaintiff seeks EAJA fees for counsel's work at an hourly billing rate of $180.59 per hour—an upward departure from the $125.00 cap based an increase in the cost of living caused by inflation since 1996.

In requesting an increase beyond the $125.00 per hour rate cap under EAJA, plaintiffs bear the burden of producing appropriate evidence to support the requested increase. Bryant, 578 F.3d at 450. That is, plaintiffs "must produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). It is within the courts discretion to award EAJA fees at a rate greater than $125.00 per hour. See Begley v. Sec'y of Health & Human Servs., 966 F.2d 196, 199 (6th Cir.1992).

Plaintiff explains that the appropriate hourly billing rate under EAJA for services rendered each year is determined by dividing the United States Bureau of Labor and Statistics' Consumer Price Index ("CPI")[3] for the year in which services were rendered by the CPI for March 1996, and then multiplied by $125.00. See also Lopez v. Comm'r of Soc. Sec., No. 3:08-cv-2148, 2010 WL 1957422, at *3 (N.D. Ohio May 14, 2010) ("The Magistrate has routinely calculated the cost of living adjustment by accounting for increases in the cost of living between the time the $125 fee was enacted and the time that the fee was earned . . . by comparing the CPI from March 1996 . . . to the average

---

[3] The Bureau of Labor and Statistics' CPI calculator may be found online at http://www.bls.gov/data/#prices (last visited July 13, 2012).

7

annual CPI during the year that counsel rendered his or her services."). Plaintiff's calculation of his requested cost-of-living increase is based on the "U.S. City Average" for "all items" for "all urban consumers" in 2011.[4]  Accordingly, Plaintiff explains that the EAJA rate in this case is 224.939 divided by 155.7 and then multiplied by $125.00, which equals $180.59.[5]

The Sixth Circuit has held that the CPI, alone, is insufficient evidence to warrant an award of EAJA fees at a rate greater than $125.00.  Bryant, 578 F.3d at 450.  In Plaintiff's initial EAJA application, Plaintiff provided the resumes and time sheets of his counsel and counsel's staff in support of the requested cost of living increase along with the CPI.  (Doc. Nos. 24-1 *through* 6.)  The Commissioner contended that Plaintiff's showing remained insufficient.  Upon this Court's order, Plaintiff supplemented his EAJA application with the following additional evidence:

- A report from the Ohio State Bar Association titled *The Economics of Law Practice in Ohio, Desktop Reference for 2010* indicates that the average hourly billing rate of attorneys in the greater Cleveland area in 2010 was $239.00 (Doc. No. 28-1);

- A report from the National Law Journal and ALM Legal Intelligence titled *The Survey of Law Office Economics, 2011 Edition* indicates that the value of services rendered by attorneys since 1985 has increased at a rate faster than inflation (Doc. No. 28-2); and

- The CPI and a table from the Bureau of Labor and Statistics indicate an increase in the value of legal and clerical services over time (Doc. Nos. 28-3 *and* 4).

The Commissioner has not challenged the adequacy of this additional evidence.  The

---

[4] Plaintiff seeks a cost-of-living increase based on inflation between March 1996 and only 2011 because most of his counsel's services were rendered in 2011.

[5] These CPI values are not seasonally adjusted.

8

Court concludes that Plaintiff's evidence adequately supports a cost-of-living increase in Plaintiff's EAJA fee rate.[6]

The Commissioner also contends that Plaintiff's calculation should be based on the "Midwest" CPI rather than the "U.S. City Average" CPI.  The Court agrees that the "Midwest" CPI appears to be the more appropriate measure of the increase in the cost of living for purposes of EAJA.  There is a split among courts regarding which CPI is most appropriate for determining a cost of living increase under EAJA.  See *Jawad v. Barnhart, 370 F. Supp. 2d 1077, 1083-85 (S.D. Cal. 2005)* (collecting cases).  Although courts in this District have accepted cost-of-living increases based on the "U.S. City Average" CPI, they often did so because the final EAJA award remained reasonable and appropriate under the facts of those cases.  The "Midwest" CPI nevertheless appears more appropriate, as in this Circuit prevailing parties must show that their requested rates are in line with those prevailing in *the community*, not the nation.  But see *id.* at 1085 (holding that "the national index is the more appropriate source to determine the cost-of-living adjustment under the EAJA" because "the national CPI-U is not only consistent with the established trend in the Ninth Circuit, it is consistent with the plain language of 28 U.S.C. § 2412(d)(2)(A) itself").  The calculation for a cost-of-living increase between March 1996 and 2011 based on the

---

[6] In *Zellner*, Senior District Judge Spiegel expressed that "in the future what we will require to comport with *Bryant*[] will be affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate," and "[m]ost preferable would be the results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice." *Zellner*, 2012 WL 273937, at *3.  This Court, however, is not aware of any legal authority from the Sixth Circuit that requires such a specific evidence showing to justify a cost-of-living increase in the EAJA fee rate.

9

"Midwest" CPI for "all items" for "all urban consumers" is 214.743 divided by 151.7 and then multiplied by $125.00, which equals $176.95.[7]

Plaintiff's evidence permits the reasonable inference that the value of legal services in this community since March 1996 has increased because of inflation; and a comparison to the rates other attorney's in this community charge for their services supports the conclusion that a rate of $176.95 per hour in this case is reasonable and appropriate.

### C.     Calculation of Plaintiff's EAJA Award

Plaintiff's counsel expended a total of 27.5 hours on services rendered through Plaintiff's initial EAJA application.  Plaintiff will be compensation for those hours at a rate of $176.95 per hour, for a total of $4,866.13.

Plaintiff also seeks compensation for hours of services rendered by his counsel related to his reply brief and supplemental application.  The value of services rendered in defending the propriety of an EAJA award may be compensable under EAJA.  *See* *Spurlock v. Sullivan*, 790 F. Supp. 979, 982 (N.D. Cal. 1992) (citing *I.N.S. v. Jean*, 496 U.S. 154 (1990)) ("[A]n award of attorney fees under the EAJA should encompass not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award.")  The Commissioner has not challenged

---

[7] The Commissioner proposes that the "Midwest" CPI for the first half of 2011 (213.47) should be used in the calculation instead of the annual average "Midwest" CPI, and that the resulting rate would be $178.00.  The Commissioner's mathematical calculation is incorrect, as the resulting rate under those circumstances is $175.90.  Moreover, as Plaintiff's counsel's services were rendered throughout 2011, the Court finds Plaintiff's reliance on the annual average CPI (214.743) justified.

Plaintiff's supplemental requests for fees. Accordingly, Plaintiff will be awarded attorney's fees for his counsel's work on the reply brief and supplemental application, as well.

Plaintiff states that his counsel expended 9.3 hours on the reply brief and 5.6 hours on the supplemental application; and he seeks compensation for that time at the rate of $180.59 per hour based on the "U.S. City Average" CPI. (Pl.'s Reply 12; Pl.'s Supp. 14.) As the "Midwest" CPI appears to be the more appropriate measure of a cost-of-living increase under EAJA, Plaintiff will be compensated for those hours at a rate of $176.95 per hour, for a total of $2,636.56.

Plaintiff also is awarded $68.00 for services rendered by Ms. Shriver, and $40.00 in costs. Accordingly, and as outlines in the table below, Plaintiff's total award under EAJA is $7,610.69. This award is reasonable and appropriate under the circumstances of this case.

|  | **Hours Requested** | **Hours Approved** | **Rate/Value Requested** | **Rate/Value Approved** | **Award Approved** |
|---|---|---|---|---|---|
| **Roose** (initial app.) | 4.9 | 4.9 | $180.59 | $176.95 | $867.06 |
| **Roose** (reply brief) | 9.3 | 9.3 | $180.59 | $176.95 | $1,645.64 |
| **Roose** (supp. app.) | 5.6 | 5.6 | $180.59 | $176.95 | $990.92 |
| **Schnaufer** | 22.6 | 22.6 | $180.59 | $176.95 | $3,999.07 |
| **Shriver** | 5.1 | 1.7 | $40.00 | $40.00 | $68.00 |
| **Costs** |  |  | $40.00 | $40.00 | $40.00 |
| **Totals** | 47.5 | 44.1 |  |  | **$7,610.69** |

D.  To Whom the EAJA Award Should Be Made Payable

Plaintiff indicated in his initial EAJA application that he assigned his right to be paid to his attorney pursuant to a fee agreement.  The Commissioner responded that, pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), any EAJA award should be made payable to Plaintiff and not his attorney so that any pre-existing debt owed by Plaintiff to the government may be subject to administrative off-set.  The Commissioner continued that, "[i]f this Court awards fees under . . . EAJA, the government will evaluate the propriety of directing payment to the attorney pursuant to an assignment." (Def.'s Response 7.)  Plaintiff concurred with the Commissioner in his reply.  Accordingly, counsel first shall determine whether Plaintiff owes a pre-existing debt subject to offset; if there is no pre-existing debt or the debt is less than the amount of the EAJA fee award, the balance of the EAJA fee award shall be made payable to Plaintiff's counsel per the assignment in the record.

## VI.     CONCLUSION

For the foregoing reasons, Plaintiff is awarded a total of $7,610.69 to fully satisfy all reasonable attorney's fees, expenses, and costs incurred under EAJA.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date:  July 16, 2012