**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JESSICA M. ESCOBAR, | CASE NO. 1:13-CV-2508 |
| Plaintiff, | |
| | MAGISTRATE JUDGE |
| v. | VECCHIARELLI |
| CAROLYN W. COLVIN, | |
| Commissioner of Social Security, | |
| | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |
| | (Doc. No. 23) |

This case is before the Magistrate Judge by the consent of the parties. (Doc. No. 13.) On March 4, 2015, Plaintiff, Jessica M. Escobar ("Plaintiff"), through her attorney, Kirk B. Roose, filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,836.35. (Doc. Nos. 23, 23-13.) Defendant, Carolyn W. Colvin, the Commissioner of Social Security ("Commissioner"), opposes Plaintiff's motion. (Doc. No. 26.) For the reasons set forth below, Plaintiff's motion for EAJA fees is GRANTED in part and DENIED in part, *i.e.*, Plaintiff shall be awarded $4,411.59 to fully satisfy all reasonable attorney's fees, expenses, and costs incurred under EAJA.

## I. BACKGROUND

On November 12, 2013, Plaintiff filed her complaint to challenge the Commissioner's final decision denying her applications for Social Security disability benefits. (Doc. No. 1.) Plaintiff asserted two assignments of error: (1) the administrative law judge ("ALJ") erred in evaluating the opinions of state agency reviewing psychologists Karen Steiger, Ph.D., and Vicki Warren, Ph.D.; (2) the ALJ

erred in evaluating the opinion of treating psychiatrist Dominic Gomes, M.D. In December 2014, the Court affirmed the ALJ's decision on Plaintiff's second assignment of error, but reversed and remanded the case on the basis of Plaintiff's first assignment of error. (Doc. No. 21 at 13-15.) Specifically, the Court concluded that, in determining Plaintiff's residual functional capacity ("RFC"), the ALJ erred when he failed to explain the omission of limitations on Plaintiff's ability to interact with others assigned by Drs. Steiger and Warren, despite having given their opinions great weight:

> Here, the ALJ's RFC determination directly conflicts with the opinions of Drs. Steiger and Warren, and the ALJ fails to explain, or even address, these inconsistencies. Dr. Steiger opined that Plaintiff could have "brief superficial contact with others." (Tr. 82.) In his RFC determination, the ALJ limited Plaintiff to work with "no more than superficial interpersonal interactions with others." (Tr. 150.) The ALJ does not explain why he omitted Dr. Steiger's limitation of Plaintiff to *brief* superficial interactions. As Plaintiff explains in her Brief, the term "superficial" refers to the nature of social interactions but does not address the duration of those interactions. At Plaintiff's hearing, the VE testified that he interpreted the term "superficial" to mean "[i]nteractions not requiring any negotiation, not being–not worrying about the, you know, the responsibility for someone else's safety, not having to negotiate or explain extensive changes." (Tr. 53.) When questioned by Plaintiff's attorney, the VE agreed that "superficial" means "no negotiation, arbitration, or confrontation, no responsibility for the health and safety of others, and no supervision of others. . . ." (Tr. 54.) Thus, the VE's testimony, on which the ALJ relied, clearly indicates that the term "superficial" refers to the nature, not duration, or social interaction. Dr. Steiger found that Plaintiff was limited not only in the quality of social interaction in which she may engage, but in quantity as well by limiting Plaintiff to "brief" superficial contact with others. Because the ALJ's RFC does not adequately account for this restriction and the ALJ did not explain his reasons for rejecting this portion of Dr. Steiger's opinion, the ALJ erred.
>
> Furthermore, the ALJ's RFC does not account for Dr.

2

> Warren's restriction of Plaintiff to work in a "calm setting" where "expectations are clear and consistent." (Tr. 118.) At Plaintiff's hearing, the VE testified that a person who would need to be in a "calm" work setting would be unable to work, as no work setting is always calm. (Tr. 56.) The VE further testified that he could not provide any jobs that an individual who required clear and consistent expectations could perform, because "consistency and clarity of expectations are subjective," therefore "there's no way a job is going to be able to meet that for every individual.[''] (Tr. 57.) Thus, Dr. Warren opined that Plaintiff had two limitations that, according to the VE, would preclude her from performing work existing in significant numbers in the national economy. In determining Plaintiff's RFC, however, the ALJ does not account for those limitations or explain his reasons for rejecting that portion of Dr. Warren's opinion which found such restrictions. Accordingly, the ALJ erred in his evaluation of Dr. Warren's opinion. For the foregoing reasons, Plaintiff's first assignment of error presents a basis for remand of her case.

(*Id*. at 14-15.)

On March 9, 2015, Plaintiff filed her application for attorney fees pursuant to the EAJA. (Doc. No. 23.) She requests $7,836.35 in attorney fees, representing a total of 43.6 hours of services rendered. (Doc. No. 23-13.) This number consists of: (1) 22.6 hours expended by Attorney Kirk B. Roose on the merits of the appeal; (2) 17.4 hours expended by Attorney Melissa L. Kunder on the merits of the appeal; (3) 1.8 hours expended by Attorney Roose on the EAJA application; and (4) 1.8 hours expended by counsels' "appellate assistant." (Doc. No. 23-1.) Plaintiff requests an hourly rate of $185.75 for her attorneys, and $40.00 for their assistant. (Doc. No. 23-13.) Plaintiff notes that, "in the exercise of billing judgment," her attorneys each voluntarily deducted 5 hours from the total number of hours they actually expended on the merits in this matter. (*Id*.)

3

Thereafter, the Commissioner filed her response in opposition to Plaintiff's motion.  (Doc. No. 25.)  The Commissioner argues that an EAJA award is not warranted because her position was substantially justified.  She further requests that if the Court finds that her position was not substantially justified, Plaintiff's requested fees under the EAJA should be reduced to $$4,683.75, because Plaintiff seeks compensation for an excessive number of hours.[1]  (*Id*.)  Additionally, the Commissioner contends that any EAJA award should be paid to Plaintiff and not Plaintiff's counsel.  (*Id*.)

In April 2015, Plaintiff filed a reply in support of her fees application.  (Doc. No. 29.)  In addition to addressing the Commissioner's arguments, Plaintiff requests a supplemental award of attorney fees of $371.50, representing two hours expended by Attorney Roose in researching and preparing the reply.  Accordingly, Plaintiff requests a total of $8,207.85 in attorney fees in this case.

## II.  LAW AND ANALYSIS

The EAJA permits the Court to award fees and other expenses to a prevailing party in a civil action against the United States unless the United States' position was substantially justified or other special circumstances exist.  *See* 28 U.S.C. § 2412(d)(1)(A).  A plaintiff is the "prevailing party" when he or she succeeds on any significant issue in the litigation resulting in the benefit of a remand.  *Shalala v. Schaefer,* 509 U.S. 292, 302 (1993)*; Olive v. Comm'r of Soc. Sec.,* 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (Katz, J.).  Here, there is no dispute that Plaintiff is the

---

[1] Although noting that this Court has awarded attorney fees using a lower rate in other cases, the Commissioner does not assert more than a perfunctory challenge Plaintiff's requested hourly rates.

4

"prevailing party," as the Court entered judgment in Plaintiff's favor and remanded the case. The Commissioner, however, contends that: (1) Plaintiff is not entitled to attorney fees in this case because the Commissioner's position was substantially justified; and (2) in the alternative, if Plaintiff is entitled to fees, her fee request must be reduced because her counsel expended an unreasonable number of hours on the case.

### A.    Whether the Commissioner's Position was Substantially Justified

Substantially justified means "justified to a degree that could satisfy a reasonable person." *Noble v. Barnhart,* 230 F. App'x 517, 519 (6th Cir. 2007) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of establishing that her position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414 (2004); *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.,* 176 F.3d 875, 878 (6th Cir.1999). In other words, a "[p]laintiff is presumptively entitled to attorney fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust." *Olive,* 534 F. Supp. 2d at 758. The government discharges its burden of proving that its position was substantially justified by "proving that the position had a reasonable basis both in law and fact." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725-26 (6th Cir. 2014) (internal citation and quotation marks omitted).

The Commissioner argues that her position was substantially justified because the error that warranted remand was merely an "articulation error" and the ALJ did not misapply the sequential disability evaluation. (Doc. No. 25 at 4-5.) The Commissioner also argues that "the lack of overwhelming evidence of disability in this case further

5

supports a finding that the Commissioner's position was substantially justified." (*Id*. at 5.) Plaintiff contends that the error in this was more than a mere articulation error, and that the purported lack of evidence of disability is not relevant to the issue of attorney fees in this case. (Doc. No. 29 at 4-5.)

Plaintiff's entitlement to attorney fees in this case depends upon whether the error identified by this Court as the basis for remand was merely an error in articulation, or a substantive error. The Sixth Circuit has determined that "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification." *Delong*, 748 F.3d at 727. In *DeLong*, the district court remanded the plaintiff's case to the agency for further administrative proceedings, noting that the ALJ had failed to provide good reasons for discounting the opinion of a treating physician, as required by 20 C.F.R. § 404.1527(c)(2). In remanding the case, the district court observed that "[t]he record did *not* strongly establish" the plaintiff's entitlement to benefits. 748 F.3d at 726 (emphasis and alternation in original).

Thereafter, the plaintiff filed an application for EAJA fees, which the district court denied. On plaintiff's appeal, the Sixth Circuit affirmed the district court's order, explaining that the error identified by the district court was in the ALJ's failure to explain the weight he assigned to the various medical opinions, rather than in the substantive issue of whether the ALJ properly considered them:

> As the District Court recounted, "[T]he fatal flaw in the ALJ's opinion [wa]s *not* in the weight he found appropriate for the various medical opinions," but rather in his failure to *explain* his findings adequately. The District Court thus vacated the ALJ's decision and remanded DeLong's case on this procedural error rather than on substantive grounds.

6

* * *

>     Here, contrary to DeLong's assertions, the ALJ did not
> ignore the opinions of DeLong's treating physicians. As the
> record reflects, even where the ALJ did not reference certain
> physicians by name, he included in his analysis operations
> they had performed and records they had produced.

*Id*. at 727 (emphasis in original). The decision in *DeLong* relied, in part, on the fact that, while the ALJ may not have adequately explained his decision to assign a particular weight to a medical opinion at the precise location in his decision where he addressed the issue of weight, the rest of the ALJ's opinion adequately supported his finding with respect to that issue. The Sixth Circuit's reasoning in *DeLong* reflects the reality of administrative decisions in this context: although an ALJ may fail to provide an adequate explanation of his or her conclusion regarding an issue at a specific point in the relevant decision, review of the decision as a whole will sometimes support his or her conclusion on that issue. It is this narrow class of cases that constitute "mere articulation errors" in which the Commissioner's position was substantially justified.

Here, the Commissioner contends that the error identified by this Court as the basis for remand in this case arose out of the level of articulation provided by the ALJ. (Doc. No.25 at 4-5.) That is not, however, an accurate description of this Court's analysis in this case. As this Court discussed in its Order remanding this case, here, the ALJ "did not adequately account" for the restrictions imposed by Drs. Steiger and Warren, and did not explain his decision to omit those restrictions from Plaintiff's RFC, despite assigning "great weight" their opinions. (Doc. No. 21 at 14.) Indeed, review of the ALJ decision reveals that the ALJ did not even mention the limitations that are relevant to Plaintiff's argument in this matter. In other words, nothing in the ALJ's

7

decision explained the omission of those limitations from Plaintiff's RFC.  The ALJ's failure to provide any explanation – at any point in his decision – for the omission of those limitations not only violated a well-established rule, see *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011) (Lioi, J.), but also resulted in an RFC that was inconsistent with the ALJ's stated analysis of the medical evidence in the record – a substantive error that rendered this issue unreviewable by this Court.  *See, e.g., Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 499 (6th Cir. 2014) (finding that the Commissioner's position was not substantially justified where "[s]everal of the ALJ's errors in analysis were plainly contrary to law').  Accordingly, this case does not fall into the small category of cases described in *DeLong*.

The Commissioner also argues that the lack of "overwhelming" evidence of disability in this case supports a finding of substantial justification. (Doc. No. 25 at 5-6.)  The Commissioner, however, overstates the importance of this issue in this Court's analysis of whether the Commissioner's position was substantially justified.  The Sixth Circuit has observed that "the strength of [a plaintiff's] administrative case" is "*relevant to* the Commissioner's justification for the denial of benefits." *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 461 (6th Cir. 2012) (emphasis added).  The Commissioner points to no legal authority – and research reveals none – holding that the strength of the evidence of disability can be the sole basis for supporting a finding of substantial justification.  This is particularly true where, as in this case, the district court identifies a substantive error that compels remand.  Indeed, requiring such analysis by a district court in this context invades the province of the Commissioner because it requires the

Court to weigh the evidence, and contradicts the deferential substantial evidence level of review applied to the Commissioner's decisions.  Accordingly, the Commissioner's argument lacks merit.  In this case, the Commissioner's position was not substantially justified and, thus, Plaintiff is entitled to attorney fees.

**B.    Whether Plaintiff's Counsel Expended an Unreasonable Number of Hours on the Case**

The Commissioner argues that Plaintiff's counsel expended an unreasonable number of hours on the merits of this case.  The Court agrees.  Review of the billing records of Plaintiff's counsel reveal that, between March 6, 2014 and March 22, 2014, Attorney Kunder spent 27.3 hours preparing a draft of the brief in this case.  (Doc. No. 23-1.)  Plaintiff, "in the exercise of billing judgment," has deducted 9.9 hours of the time expended by Kunder from her EAJA application, and requests compensation for 17.4 hours.  (Doc. No. 23-13.)  The record reveals that, between March 23, 2014 and April 2, 2014, Attorney Roose expended 14.8 more hours on the brief: first, reviewing the draft of the brief (3.3 hours on March 23 and 27, 2014) and, then, "research[ing] for brief and arguments" (3.0 hours on March 30, 2014) and "continu[ing] research, edit[ing] and fil[ing] brief" (8.5 hours on April 2, 2014).  (Doc. No. 23-1.)  Again citing "the exercise of billing judgment," Plaintiff deducts 5 hours of the time expended by Roose from her EAJA application, without designating which of Attorney Roose's activities is the subject of the voluntary deduction.  (Doc. No. 23-13.)  Applying that deduction to the hours expended on the brief, however, results in 9.8 hours expended by Attorney Roose in this regard, resulting in a total of 27.2 attorney hours spent on briefing for which Plaintiff requests compensation in her EAJA application.

In sum, the billing records reflect that Plaintiff's attorneys expended multiple hours performing the same work, or that Attorney Roose spent substantial time editing or rewriting Attorney Kunder's work.  Plaintiff offers no explanation for the number of hours expended by two different attorneys on what was apparently the same work.  Absent some other explanation – such as an affidavit describing a reasonable division of labor between the two attorneys – the hours reflected in the billing records for the time spent on the brief are duplicative.[2]  As the Sixth Circuit has observed in a different fee context, "Plaintiffs are not entitled to have any number of well-qualified attorneys reimbursed for their efforts, when fewer attorneys could have accomplished the job." *Ky. Res. Concepts, Inc. v. Louisville* 117 F. App'x 415, 419 (6th Cir. 2004) (addressing a fee request under 42 U.S.C. § 1988).  Further, a prevailing party is not entitled to recover for "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (same).

It is impossible to determine what benefit, if any, resulted from Attorney Kunder's work; the total hours expended strongly suggests duplication.  Accordingly, the Court finds that only one attorney's time is compensable to adjust for duplication, and it is reasonable to allow Plaintiff the five hours deducted by Attorney Roose, and deny compensation for all of the hours expended by Attorney Kunder on the brief.

---

[2] Plaintiff's attorneys report their time using the block billing method, which makes it impossible for this Court to ascertain whether Attorney Roose and Attorney Kunder actually performed different types of work or distinct tasks with respect to the brief.  While there is no principle that prohibits block billing, counsel who engage in this practice do so at their own peril when the amounts claimed appear to be excessive. *See, e.g., Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006).

**Accordingly, this Court deducts 12.4 of the hours requested by Plaintiff for the hours expended by her attorneys on the brief in this matter.  This number reflects the restoration of the 5 hours voluntarily deducted by Attorney Roose and the deduction of the 17.4 hours expended by Attorney Kunder on the brief in this case, for a net deduction of 12.4 hours.**[3]

The Commissioner also argues that this Court should reduce the number of hours requested for work performed by Attorney Roose on the reply brief in this matter.  The billing records reflect that Attorney Roose expended 10.7 hours "research[ing], prepar[ing], and fil[ing] reply brief."  (Doc. No. 23-1 entry at Nay 30, 2014.)  The Commissioner argues that Plaintiff's reply brief in support of the merits of her appeal "contained only eight pages of substance . . . and mostly repeats the assertions set forth" in Plaintiff's opening brief.  (Doc. No. 25 at 10.)  Plaintiff does not respond to this specific argument in this case.  The Commissioner's argument has merit.  It was not reasonable for Attorney Roose, an experienced practitioner in this area of law, to

---

[3] The Commissioner argues in a perfunctory manner that this Court should reduce the total amount of compensable hours expended on the merits in this case to 25 hours, because only one of Plaintiff's arguments was successful in this Court, and because the two arguments in this case addressed the ALJ's evaluation of opinion evidence, which is a not a novel or complex issue.  Plaintiff responds that the amount of hours expended by counsel in this case is within the "range of 30-40 hours for attorney work on the merits of a 'routine' Social Security case."  (Doc. No. 29 at 6.)  Plaintiff, however,  cites to no binding authority – and this Court has never held – that the range of hours identified by Plaintiff is *per se* reasonable for a "routine" case.  Further, the Court's deduction of 12.5 hours from the hours expended on the merits of this case sufficiently addresses the issue of the excessive number of hours expended on the merits brief in this case.

11

expend nearly 11 hours drafting an eight-page reply brief.³ **Accordingly, the Court deducts an additional 3 hours from the total number of hours expended on the merits in this case, for a total deduction of 15.4 hours on the basis that they were not reasonably expended.**

The Commissioner also takes issue with the number of hours – 1.8, at an hourly rate of $40.00 – expended by counsels' appellate assistant, Diane J. Shriver, in this matter. Specifically, the Commissioner argues that this Court should deduct 0.8 hours from that total on the basis that Plaintiff requests compensation for tasks performed by Ms. Shriver that were "purely clerical," and, thus, non-compensable. (Doc. No. 25 at 10-11.) This Court has determined that, "purely clerical or secretarial tasks," such as dictation and typing, are "non-legal work" and should not be billed in an EAJA application, regardless of who performed the work. *Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928, *3 (N.D. Ohio July 16, 2012). Some clerical tasks, however, such as preparing and filing the complaint, are "considered sufficiently 'legal work' to permit compensation," albeit at a lesser rate. *Id*.

The record reveals that Ms. Shriver performed both legal and non-legal work in this matter. Her hours are reduced as follows:

- On October 2, 2013, she expended 0.3 hours calling the client; completing the *in forma pauperis* form and mailing it to the client for the client's signature. These

---

³ In the reply in support of the EAJA application, Plaintiff argues that her counsel's level of experience is not relevant in determining whether a fee request is reasonable. (Doc. No. 29 at 7.) This argument lacks merit, particularly in light of the fact that Plaintiff provides evidence regarding her counsels' experience in the area of Social Security as a basis for justifying their hourly rates. (*See*, e.g., doc. no. 23-4.)

12

tasks are all sufficiently legal in nature to be compensable.

- On October 10, 2013, Ms. Shriver expended 0.1 hours receiving the signed *in forma pauperis* form in the mail. This task is non-legal and, thus, this Court shall deduct 0.1 hours from the total expended by Ms. Shriver in this case.

- On November 12, 2013, Ms. Shriver expended one hour preparing and filing the complaint and associated paperwork; sending copies to the client; faxing case information to the agency; and preparing and filing the certification confirming notification of case information. This Court shall deduct 0.2 hours from the total number of hours expended by Ms. Shriver in this case, reflecting a deduction for the non-legal work of sending copies to Plaintiff and faxing case information to the agency.

- On December 17, 2013, Ms. Shriver expended 0.2 hours conferring with Attorney Roose regarding the fact that Plaintiff would consent to magistrate judge jurisdiction, and then preparing and mailing the consent form to the Commissioner's attorney. This Court shall deduct 0.1 hours from the total number of hours expended by Ms. Shriver in this case, reflecting a deduction for the non-legal work of mailing the consent form.

- On January 16, 2014, Ms. Shriver expended 0.2 hours downloading the transcript in this case. This is a purely clerical task, and the Court shall deduct the entire 0.2 hours from the total number of hours expended by Ms. Shriver in this case.

The sum of the deductions listed above is 0.6, and, thus, **this Court shall**

**deduct 0.6 hours from the total hours requested for work performed by Ms. Shriver in this matter.**[4]

Plaintiff requests compensation for 40 hours expended by her attorneys on the merits and the preparation of her EAJA application (but not the reply).  As discussed above, with respect to fees incurred in the merits portion of this case, the Court deducts 15.4 hours from the total number of hours expended by attorneys on the merits in this matter.  Plaintiff's EAJA application requests compensation for 1.8 hours of work performed in preparing the application.  (Doc. No. 23-1.)  Plaintiff's entitlement to fees incurred in obtaining fees is discussed in Section II(C), *infra*.  Accordingly, for the purpose of determining the amount of fees awarded on the merits of the case, the Court deducts an additional 1.8 hours from the total of requested hours on the merits portion of the work, **resulting in 22.8 hours of work performed by Plaintiff's counsel on the merits in this case.**  Further, the Court deducts 0.6 hours from the total hours expended by Ms. Shriver, **for a total of 1.2 hours of work performed by counsels' appellate assistant.**

---

[4] The Commissioner also argues that this Court should reduce the number of hours expended by Ms. Shriver because she is not a licensed attorney, and, thus, she should not be compensated for time spent performing attorney tasks, such as preparing the complaint and "conferring" regarding the consent in this case.  This argument lacks merit.  This Court has previously permitted EAJA fees for the preparation of a complaint by an "appellate assistant" because that work was sufficiently "legal work" to permit compensation.  See *Rodriguez*, 2012 WL 2905928 at *.  Further, the billing records reflect that, although Ms. Shriver prepared the complaint, Attorney Roose reviewed it before the Complaint was filed.  Thus, the records do not demonstrate that Ms. Shriver was performing the work of an attorney.  Further, the entry regarding Ms. Shriver "conferring" regarding the consent in this case reflects that, on December 17, 2013, she conferred with Attorney Roose regarding the fact that Plaintiff would consent to magistrate judge jurisdiction, and then prepared the consent form, which is not attorney work.

### C. Whether Plaintiff is Entitled to Fees for Work Performed to Obtain Fees on the Merits

Finally, Plaintiff requests compensation for 1.8 hours of work performed by Attorney Roose in preparing the EAJA application. (Doc. No. 24-1.) In her reply brief, Plaintiff requests an additional $371.50 – representing two hours of work performed by Attorney Roose – for the preparation of the reply in support of the EAJA fees application in this case (doc. No. 29 at 8), for a total request of 3.8 hours – or $705.50 – for work expended in obtaining fees in this case.

There is no dispute that "time spent preparing, presenting and trying attorney fee applications is compensable." *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). In *Coulter*, however, the Sixth Circuit recognized that "some limitations must be placed on the size of these fees. Otherwise the prospect of large fees later on may discourage early settlement of cases by rewarding protracted litigation of both the civil rights case and the attorney fee case." *Id*. Accordingly, under *Coulter*, fees awarded for litigating initial fee requests are generally subject to the following limits:

> In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary. Such guidelines are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation.

*Id*.; *see also id*. at 148, 153 (noting that Congress had adopted 131 fee-shifting statutes, including the EAJA, in order to "provide economic incentive for the legal profession to try meritorious cases defining and enforcing statute policies and

15

constitutional rights in a variety of fields of legal practice . . . . Congress did not intend that lawyers . . . receive excess compensation or incentives beyond the amount necessary to cause competent legal work to be performed in these fields."). Here, this Court determined the merits of Plaintiff's case without conducting a trial or otherwise requiring work beyond the preparation of briefs. Accordingly, the 3% cap of *Coulter* applies to Plaintiff's request for fees incurred in obtaining fees, and Plaintiff shall be awarded an amount equal to 3% of the amount of fees awarded for work expended on the merits of this case for work performed on her fee application.

### D.     Summary of the EAJA Award

In sum, Plaintiff's request for fees is DENIED in part and GRANTED in part to the following extent:

- Plaintiff shall receive attorney fees for 22.8 hours expended by counsel on the merits of the case (the result of 40 (total hours requested in the EAJA application) minus 15.4 (hours not reasonably expended, including all of the hours expended by Attorney Kunder, but restoring the 5 hours voluntarily deducted from the hours expended by Attorney Roose) minus 1.8 (hours expended on the EAJA application) at an hourly rate of $185.75, totaling $4,235.10;

- Plaintiff shall receive attorney fees for 1.2 hours expended by Ms. Shriver, at an hourly rate of $40.00, totaling $48.00, resulting in a total of $4,283.10 for work expended on the merits of the case; and

- Plaintiff shall receive attorney fees for three percent of the total award for work performed on the merits, or $128.49, for fees incurred in obtaining fees in this

16

case, **for a total fee award of $4,411.59.**

**E.     To Whom the EAJA Award Shall Be Paid**

The materials in support of Plaintiff's EAJA application reflect that Plaintiff has assigned any award of EAJA fees to counsel. (Doc. No. 23-14.) However, pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), any EAJA award should be made payable to Plaintiff and not her attorneys so that any pre-existing debt owed by Plaintiff to the government may be subject to administrative off-set. Plaintiff concurs. (Doc. No. 29 at 8.) Accordingly, counsel first shall determine whether Plaintiff owes a pre-existing debt subject to offset; if there is no pre-existing debt or the debt is less than the amount of the EAJA fee award, the balance of the EAJA fee award shall be made payable to Plaintiff's counsel per the assignment in the record.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff is awarded a total of $4,411.59 to fully satisfy all reasonable attorney fees, expenses, and costs incurred under the EAJA in this case.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: July 1, 2015